IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 30, 2011

## STATE OF TENNESSEE v. BETHANY JEAN O'DONNELL

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S54445-S54447, S56340    Robert H. Montgomery, Jr., Judge**

**No. E2010-02466-CCA-R3-CD - Filed February 2, 2012**

The defendant, Bethany Jean O'Donnell, appeals the Sullivan County Circuit Court's revocation of her probationary sentence. Pursuant to a negotiated plea agreement to multiple charges, the defendant was sentenced to five consecutive terms of eleven months and twenty-nine days, to be served on supervised probation. A violation warrant was subsequently issued and, at the following hearing, the defendant acknowledged that she had committed the violation. The trial court then found the defendant to be in violation of the terms and conditions of her probation and ordered that the remainder of her sentence be served in confinement. On appeal, the defendant contends that the decision was error and, further, that the court erroneously concluded that she would not be entitled to good conduct credits when serving her misdemeanor sentences at seventy-five percent. Because we conclude no error has occurred and because the case holds no precedential value, we affirm the ruling of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Steve McEwen, Mountain City, Tennessee; Stephen M. Wallace, District Public Defender; and William A. Kennedy, Assistant Public Defender, for the appellant, Bethany Jean O'Donnell.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Barry P. Staubus, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On July 11, 2008, the defendant pled guilty to multiple Class A misdemeanors: (1) attempted child neglect; (2) contributing to the delinquency of a minor; (3) two counts of attempted criminal simulation; (4) reckless endangerment; (5) possession of a Schedule IV controlled substance; (6) possession of a Schedule III controlled substance; (7) possession of a legend drug without a prescription; and (8) possession of drug paraphernalia. Pursuant to a negotiated plea agreement, she was sentenced to five consecutive terms of eleven months and twenty-nine days, to be served on supervised probation.

Thereafter, a violation warrant was issued against the defendant. At the subsequent hearing on the matter, the defendant admitted that she had taken a Lortab during her probation period, despite the knowledge that she was not to take such medications. She further admitted that she had failed to report to her probation officer since December 2009, and that she had been convicted of driving on a suspended license while on probation in this case. She acknowledged a failed drug screen as well and that she had subsequently taken the drug Suboxone. While acknowledging her "problem taking illegal substances," she stated she had made arrangements to enter a drug addiction program. However, she admitted to prior failures at long-term rehabilitation programs in the past.

After hearing the evidence presented, the trial court found the defendant to be in violation of her agreement and revoked her probationary sentence. The court then ordered the defendant to serve the sentences consecutively for an effective sentence of three years, eleven months, and twenty-six days.

The court also ordered the sentence to be served at seventy-five percent. Defense counsel then inquired of the court regarding good conduct credits. The State attempted to explain the rules which were followed in Sullivan County, but it appears the State confused or misstated the law with regard to eligibility for good conduct credits versus that of eligibility for trusty status or rehabilitative programs. The defendant has timely appealed the trial court's order, raising two issues for our review: (1) whether the court properly revoked the defendant's probation and ordered her to serve the remainder of her sentence in incarceration; and (2) whether the trial court deprived the defendant of her right to earn good conduct credits on her sentence.

This record shows no abuse of discretion in the trial court's determinations. The record clearly establishes that the defendant violated the terms and conditions of her probation in multiple ways, including a failed drug screen and failure to report. Upon a finding that a violation had occurred, the trial court was statutorily authorized to order service of the sentence. The record which was before the trial court amply establishes that the

defendant, based upon her own testimony regarding a prior probation violation and new convictions, was a poor candidate for continued supervised release. The defendant is entitled to no relief on this issue.

The defendant also contends that the trial court erroneously concluded that she would not be entitled to good conduct credits. We agree with the defendant that the statements made by both the State and the court on the record are somewhat misleading. However, we cannot conclude that the trial court affirmatively ordered that the defendant was not entitled to good conduct credits. In fact, it is not within the authority of the trial court to grant or deny such credits. Tennessee Code Annotated section 41-2-111(b) (2010) provides that:

> Each such prisoner who had been sentenced to the county jail or workhouse for any period of time less than one (1) year on either a misdemeanor or a felony, and who behaves uprightly, shall have deducted from the sentence imposed by the court time equal to one quarter (1/4) of the sentence.

Based upon this statute, it is the disciplinary review board at the jail or workhouse that controls the issuance of these credits based upon a determination of whether a defendant has "behave[d] uprightly."

As an aside, we note that the trial court's order that the defendant serve her sentence at seventy-five percent has no relation to good conduct credits. Tennessee Code Annotated section 40-35-302(d) pertains to the portion of a sentence that a defendant must serve before becoming eligible for work release, furlough, trusty status, or related rehabilitative programs. This statute, alone, in no way reduces the length of a defendant's sentence.

Because the defendant has failed to meet her burden of establishing her entitlement to relief, we conclude that no error occurred. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury and such judgment or action is not a determination of guilt and when the evidence does not preponderate against the findings of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. As that is such in the case before us, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-